**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1661C
(Filed: January 25, 2017)

**FILED**
JAN 2 5 2017
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * *

LEWIS RUDOLPH MORGAN,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

* * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiff, appearing *pro se*, initially brought suit in the State of Washington to set aside a forfeiture of real property under a Washington state statute. That suit was unsuccessful, and ultimately plaintiff was ordered to pay $1,931 in costs and attorney fees pursuant to a Washington state fee shifting statute and the terms of the parties' contract. Having apparently exhausted his appeals in state court, plaintiff filed the present complaint requesting review of the orders denying plaintiff's motion to overturn the fee award against him and asking for miscellaneous equitable relief. Defendant has not answered or otherwise responded to the complaint, but we need not wait for a response because it is clear on the face of the complaint that we lack jurisdiction to provide plaintiff the relief he seeks.

Although *pro se* plaintiffs are afforded latitude in their pleadings, that cannot excuse jurisdictional failings. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Jurisdiction is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The court may raise the issue at anytime. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

The Tucker Act, this court's primary grant of jurisdiction, affords us the authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States... in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act itself does not create any substantive right enforceable against the United States for money damages, however. *See United States v. Testan*, 424 U.S. 392, 398 (1976). Plaintiff must thus identify a separate source of authority that mandates he or she be paid money by the United States government. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). When the complaint fails to allege that the United States presently owes plaintiff money under a constitutional, statutory, or regulatory provision, or a presently enforceable contract, that complaint must be dismissed for lack of jurisdiction.

Plaintiff's complaint does not identify a substantive source of law or contract mandating that the federal government pay plaintiff a sum of money. Instead, plaintiff seeks review of several orders issued by Washington state courts. The lower federal courts lack jurisdiction to review state court orders and judgments. *See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Only the Supreme Court may hear an appeal from the highest court of a state. 28 U.S.C. § 1257 (2012).

Further, to the extent that the complaint also alleges wrongful conduct by private individuals for "illegal seizures of property by Unknown private parties...and the State Courts restricting rights of this Plaintiff, intentionally, while extorting fee's" Compl. 2, that is not a claim against the United States as required by the Tucker Act. *See* 28 U.S.C. § 1491(a). Even if those claims could somehow be construed as against the United States, they sound in tort and are outside of our jurisdiction. *Id.* (excluding cases "sounding in tort" from this court's jurisdiction.)

Lastly, the relief plaintiff requests, a special lien and injunction on the property and contract with defendant, is beyond our power to award. We do not have general equitable jurisdiction to grant non-monetary relief unless it is "an incident of or collateral to a money judgment." *See James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (Equitable relief is available under the Tucker Act, but limited to "an incident of and collateral to" a money judgment). As stated above, plaintiff has not pleaded a claim for money damages against the United States.

In sum, plaintiff has not alleged any claims over which we have

jurisdiction. Accordingly, the Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. We also note that the filing fee has not been paid nor has plaintiff filed a motion to proceed *in forma pauperis*. The filing fee thus remains due.

ERIC G. BRUGGINK
Judge